1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JESSE EDWARD BEJARAN,                    CASE NO. 1:09-cv-00478-AWI-SKO PC

10                    Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING   THAT   PLAINTIFF'S
11          v.                               MOTION FOR A TEMPORARY RESTRAINING
                                             ORDER BE DENIED
12  DERRAL ADAMS, et al.,
                                             (Doc. 20.)
13                    Defendants.
                                             OBJECTIONS DUE WITHIN 30 DAYS
14
    _____/
15

16          Plaintiff Jesse Edward Bejaran ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 21, 2009, Plaintiff

18  filed a motion requesting a temporary restraining order alleging prison officials are tampering with

19  his mail.  (Doc. #20.)

20          The purpose of a temporary restraining order or a preliminary injunction is to preserve the

21  status quo if the balance of equities so heavily favors the moving party that justice requires the court

22  to intervene to secure the positions until the merits of the action are ultimately determined.

23  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary

24  injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

25  irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

26  and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc.,

27  129 S. Ct. 365, 374 (2008).

28  ///

1

1    "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

2    granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v.

3    Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A

4    party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by

5    evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order,

6    the Prison Litigation Reform Act ("PLRA") provides that:

7            [i]n any civil action with respect to prison conditions, to the extent
             otherwise authorized by law, the court may enter a temporary
8            restraining order or an order for preliminary injunctive relief.
             Preliminary injunctive relief must be narrowly drawn, extend no
9            further than necessary to correct the harm the court finds requires
             preliminary relief, and be the least intrusive means necessary to
10           correct that harm.

11   18 U.S.C. § 3626(a)(2).

12          Plaintiff has not shown that he is entitled to the extraordinary remedy of a temporary

13   restraining order.  The only evidence included with Plaintiff's motion is a three-page declaration

14   from Plaintiff stating that he will suffer irreparable injury because Defendants have been tampering

15   with Plaintiff's legal mail.  Plaintiff complains that Defendants are opening mail from the Court

16   addressed to Plaintiff outside his presence.  Mail from the Court is not privileged or confidential or

17   otherwise afforded protection beyond that which is provided for ordinary mail.  See Keenan v. Hall,

18   83 F.3d 1083, 1094 (9th Cir. 1996).  Mail from the Court generally consists of information that can

19   easily be accessed by any member of the public.  Plaintiff has cited no authority that supports the

20   proposition that he suffers a constitutional injury when mail from the Court is opened outside his

21   presence.  Plaintiff also complains that prison officials are not sending his outgoing mail addressed

22   to the Court.  Notably, Plaintiff has not missed any deadlines in this case and has not suffered any

23   prejudice in this case due to late filings.

24          Plaintiff also complains that prison officials will conduct harassing cell searches to confiscate

25   Plaintiff's legal materials and interfere with his legal research.  Plaintiff's allegations are speculative.

26   Plaintiff has failed to establish that the threat of irreparable injury is imminent.  Plaintiff is not

27   entitled to the extraordinary remedy of a temporary restraining order based only on his conclusory

28   allegation that prison officials may confiscate his legal materials in the future.

1

Further, the Court notes that Plaintiff has made no effort to demonstrate that he is likely to

2

prevail on the merits of this action.   Accordingly, the Court HEREBY RECOMMENDS that

3

Plaintiff's motion for a temporary restraining order be DENIED.

4

These Findings and Recommendations are submitted to the United States District Judge

5

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)

6

days after being served with these Findings and Recommendations, any party may file written

7

objections with the Court and serve a copy on all parties.  Such a document should be captioned

8

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9

shall be served and filed within ten (10) days after service of the objections.  The parties are advised

10

that failure to file objections within the specified time may waive the right to appeal the District

11

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13

IT IS SO ORDERED.

14

**Dated:    July 30, 2010**                                    _____/s/ Sheila K. Oberto_____
                                                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3